NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY D. NATTY,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2011-3138

---

Petition for review of the Merit Systems Protection Board in case no. SF0752100847-I-1.

---

Decided: October 11, 2011

---

ANTHONY D. NATTY, of City of Industry, California, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before RADER, *Chief Judge*, LINN and DYK, *Circuit Judges*.

PER CURIUM

Anthony D. Natty ("Natty") appeals a final decision of the Merit Systems Protection Board ("Board") affirming his demotion based on a charge of unacceptable conduct. Because the Board's decision is supported by substantial evidence, is in accordance with the law, and does not otherwise constitute reversible error, this court affirms.

## BACKGROUND

Natty joined the Postal Service in 1990. By June 2010, he served as an EAS-24 Manager of Distribution Operations (MDO), supervising a total workforce of 130 employees, including six subordinate supervisors. On June 19, 2010, the agency demoted Natty to a PS-04 Part-Time Flex Mail Handler based on a finding of unacceptable conduct. Natty appealed his demotion and the Administrative Judge ("AJ") found that Natty's comments about race and sex, and the intentional dropping of his pants, supported the unacceptable conduct charge. *Natty v. U.S. Postal Serv.,* No. SF-0752-10-0847-I-1 (M.S.P.B. Oct. 29, 2010). The AJ also found the agency's action timely and Natty's demotion to a non-managerial position within the agency's discretion. *Id.* The AJ's decision became the final decision of the Board after the Board denied Natty's petition for review. *Natty v. U. S. Postal Serv.,* No. SF-0752-10-0847-I-1 (M.S.P.B. May 6, 2011). Natty timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court affirms a Board decision unless that decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained with-

out procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). A petitioner bears the burden of establishing reversible error in the Board's decision. *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed. Cir. 1998). To take adverse action against a federal employee, an agency must establish that: (1) the charged conduct occurred; (2) there is a nexus between the conduct and the efficiency of the service; and (3) the penalty imposed by the agency is reasonable. *Malloy v. U.S. Postal Serv.,* 578 F.3d 1351, 1356 (Fed. Cir. 2009). Here, the AJ found that the Postal Service met all three elements. Natty contends, however, that the sex- and race-based comments were acceptable because he was simply explaining his dating preferences and a former Plant Manager had approved of such comments. He also challenges the AJ's fact finding and credibility determinations. Finally, he argues that if his conduct was unacceptable, the penalty of demotion is unreasonable.

To survive review, an administrative determination must be supported by substantial evidence—relevant evidence adequate to support a conclusion—based on the record as a whole. *Simpson v. Office of Pers. Mgmt.,* 347 F.3d 1361, 1364 (Fed. Cir. 2003). Here, the parties stipulated that Natty made ongoing comments about race and sex since 2009. The agency's deciding official, Daryl West, testified at the administrative hearing that Natty's prior managerial Equal Employment Opportunity ("EEO") training provided him with notice that such conduct was inappropriate at work. In his defense, Natty cites a letter from a former Plant Manager, Virginia Tovar, as evidence that the agency previously approved of similar comments. While this letter referenced a comment Natty made about dating members of a specific race, it did not condone sex- or race-based comments at work. The letter simply explained the appropriate response when a subordinate employee asked Natty on a date. Nor was Tovar's letter

an adjudication of the issues presented in this case; the cases Natty relies on to this effect are inapposite. Finally, Carol Miller testified that Natty made inappropriate sex-based comments to her, other than merely stating his dating preference, over a six month period. Thus, there is substantial evidence in the record to support the AJ's finding on the unacceptable conduct charge.

Natty also challenges the AJ's findings of fact and argues that the AJ failed to consider specific statements when making witness credibility determinations. This court does not engage in *de novo* fact finding, but merely determines "whether the Board's factual findings are supported by substantial evidence." *Bevins v. Office of Pers. Mgmt.,* 900 F.2d 1558, 1565 (Fed. Cir. 1990). Moreover, evaluations of witness credibility are "virtually unreviewable on appeal." *Kahn v. Dep't of Justice,* 618 F.3d 1306, 1313 (Fed. Cir. 2010).

Natty claims the AJ erred by finding that he intentionally dropped his pants. Regarding this incident, the AJ specifically credited the testimony of Carol Miller, Shirley Rogers, Angela Johnson, and Hershel Morrow, and disbelieved Natty's testimony that his pants accidentally slipped. Natty stresses an inconsistency in Morrow's testimony regarding the date of the pants- dropping incident, but the AJ nonetheless credited Morrow's testimony as a whole. We cannot say that this single inconsistency undermines the AJ's credibility determination. At bottom, we have ample reason to conclude that the AJ's findings of fact and credibility determinations are adequately supported by the record.

To determine a reasonable penalty for employee misconduct, an agency must consider the relevant factors from *Douglas v. Veterans Administration,* 5 M.S.P.B. 313, 331-32 (Apr. 10, 1981). *Malloy,* 578 F.3d at 1356. The reviewing Board need not discuss every *Douglas* factor; it need only determine that the agency considered the

factors relevant to the case at hand. *Kumferman v. Dep't of Navy,* 785 F.2d 286, 291 (Fed. Cir. 1986).

Here, West's testimony indicates that he considered the relevant *Douglas* factors. West determined that the nature of Natty's employment (a supervisor tasked with implementing EEO laws) aggravated the nature and seriousness of the offense (sex- and race-based remarks and conduct). West balanced this determination against Natty's prior disciplinary record, his lengthy service, and mitigating factors in Natty's personal life, and decided that Natty's conduct precluded his continued employment as a supervisor.

Natty argues that a lesser penalty is warranted because he lacked notice that the conduct was inappropriate, the conduct was an isolated incident, and the penalty is more severe than penalties imposed on similarly situated employees. As detailed above, Natty's prior EEO training put him on notice that such conduct was inappropriate. And while the pants dropping incident may have been an isolated event, the sex- and race-based comments were ongoing since 2009.

Natty cites several cases to demonstrate that his penalty is more severe than penalties imposed on other similarly situated employees. The AJ distinguished Natty from the lower level supervisors in these cases because Natty's role as a manager carries a higher level of accountability. On appeal Natty cites additional cases in which the Board suspended but did not demote lower level supervisors. Like the cases considered by the AJ, these cases do not show that demotion of a higher level manager to a non-supervisory role is inappropriate.

For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.